UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEROME RABINOWITZ, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *  Civil Action No. 1:15-cv-11559-IT |
| | * |
| JEFFREY GRONDOLOSKY | * |
| | * |
| Respondent. | * |

ORDER

May 26, 2015

TALWANI, D.J.

Petitioner commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [#1]. Presently before the court is Petitioner's Amended Motion for Emergency Dental Treatment [#11] ("Amended Motion"). Petitioner requests that this court grant him brief and temporary leave from physical detention at Federal Medical Center Devens ("FMC Devens") for the purpose of necessary specialized periodontal treatment. Petitioner proffers that he is suffering from medical issues pertaining to his gums and from high blood pressure, and that those issues, coupled with his history of stroke, has created a potentially dangerous situation in which Petitioner needs immediate periodontal treatment. Petitioner claims that the dentist at FMC Devens informed him that he needs "gum work," but that he would not receive such treatment because his projected release date is too close, temporally, to the request for dental treatment.

Petitioner's Amended Motion was filed on May 7, 2015, after the court directed counsel to confer in good faith to resolve or narrow the issues related to the request for dental treatment in accordance with Local Rule 7.1(a)(2). See [#10]. The Amended Motion advised the court

1

that Petitioner's counsel "have attempted confer with counsel for the respondent, Anita Johnson, of the U.S. Attorney's Office, regarding the relief requested" and that "Ms. Johnson reported to undersigned counsel she is not prepared to take a position on this Motion until May 18." Amended Motion, at 3 [#11].  The following day, Respondent's counsel reported that "the Bureau of Prisons has not conducted its assessment of the inmate's medical records and has not reached any conclusion regarding the merits of the claims and the relief requested."  Def.'s Mot. Extension Time Respond 1 [#13].

In Respondent's Memorandum in Support of Defendant's Motion to Dismiss [#17], filed on May 21, 2015, Respondent finally notes that Petitioner's motion is not a proper subject of a petition for a writ of habeas corpus, which may appropriately challenge the legality or duration of a petitioner's confinement, but not the conditions of confinement.  See, e.g., Kamara v. Farquharson, 2 F. Supp. 2d 81, 88–89 (D. Mass. 1998) ("It is a well-settled general principle that a habeas petition is the appropriate means to challenge the 'actual fact or duration' of one's confinement, whereas a civil rights claim is the proper means to challenge the 'conditions' of one's confinement.") (internal citation omitted).  Respondent's counsel offers no explanation for why this issue could not have been raised in the 7.1 conference two weeks earlier.

The court lacks jurisdiction to grant Petitioner's requested relief in connection with this habeas action.  Despite Petitioner's suggestions to the contrary, however, Petitioner is not without possible redress.  If Petitioner chooses to file a non-habeas civil suit challenging the adequacy of his medical care, he can again seek expedited relief.  At this juncture, both parties are fully aware of the issues related to the issue and should be able to engage promptly in a good faith discussions to resolve or narrow the issues.

For the foregoing reasons, Petitioner's Amended Motion for Temporary Leave from

Detention Facility for Necessary Dental Treatment [#11] is hereby DENIED.

    IT IS SO ORDERED.

Date:  May 26, 2015                                        /s/ Indira Talwani
                                                                                                       United States District Judge