UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEROME RABINOWITZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:15-cv-11559-IT |
| | * | |
| JEFFREY GRONDOLOSKY | * | |
| | * | |
| Respondent. | * | |

ORDER

March 4, 2016

TALWANI, D.J.

Petitioner Jerome Rabinowitz ("Rabinowitz") filed a Petition for Writ of Habeas Corpus [#1] under 28 U.S.C. § 2241. The petition asserts that (1) Rabinowitz is qualified for early release under the "Second Chance Act" and entitled to serve 10% of his sentence at a halfway house or in home confinement, (2) Rabinowitz is entitled to an award of "good time" credits, and (3) Prison Officials failed to consider Rabinowitz for early release under the "Second Chance Act." Pet. [#1] 7-8. Respondent filed a Motion to Dismiss for Lack of Jurisdiction [#16], arguing that the court lacks authority to order inmate placement.[1]  Rabinowitz's Opposition to Defendant's Motion to Dismiss [#18] noted no authority contrary to that cited by Respondent.

---

[1] Respondent also argued that the court lacks subject matter jurisdiction on this habeas petition to hear claims raised by Petitioner in his Amended Motion for Temporary Leave from Detention Facility for Necessary Dental Treatment [#8], and in response, Petitioner urged the court to fashion a remedy consistent with the request for dental treatment prior to addressing the merits of the motion to dismiss. See Pet'r's Opp'n Def.'s Mot. Dismiss [#18]. The court subsequently denied the motion for temporary leave from detention to obtain dental treatment because such motion "is not a proper subject of a petition for a writ of habeas corpus, which may appropriately challenge the legality or duration of a petitioner's confinement, but not the conditions of confinement." Order [#19].

The Bureau of Prisons ("BOP") has broad discretion in deciding where to place inmates during their term of imprisonment. In particular, 18 U.S.C. § 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment" by considering five enumerated factors. Petitioner's claim appears to rely on § 251(a) of the Second Chance Act, codified at 18 U.S.C. § 3624(c). See Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692-93 (2008). The Second Chance Act provides that the Director of the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community" and that "[t]he authority under [18 U.S.C. § 3624(c)] may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c). The Second Chance Act does not, however, eliminate BOP's discretion under § 3621(b), as it specifically requires that such pre-release placements be conducted in a manner consistent with § 3621(b)—i.e., by consideration of the five factors enumerated in § 3621(b)—and that such placements be "determined on an individual basis." 18 U.S.C. § 3624(c)(6)(A), (B). Thus, the Second Chance Act "imposes an affirmative obligation on the BOP to take steps to facilitate a smooth re-entry for prisoners into the outside world" but it "does not mandate placement in a [community corrections center] prior to release, and it requires BOP to assure that a prisoner spends the last part of his sentence under pre-release conditions only if practicable." Goldings v. Winn, 383 F.3d 17, 23 (1st Cir. 2004).

Accordingly, to the extent that Rabinowitz claims that he has an absolute right to serve a portion of his sentence at a halfway house or home confinement, Rabinowitz is mistaken. As the First Circuit has noted, "[t]here is no dispute that, as long as the BOP 'considers' the five

factors, it has virtually unlimited discretion to place inmates wherever it deems appropriate." Muniz v. Sabol, 517 F.3d 29, 40 (1st Cir. 2008).  Review of BOP's exercise of discretion is not within the scope of this court's habeas jurisdiction.  See Saint Fort v. Ashcroft, 329 F.3d 191, 205 (1st Cir. 2003) ("[I]f a statute makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him.  But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief."); see also Coviello v. Winn, 477 F. Supp. 2d 301, 305 (D. Mass. 2006) ("The bottom line . . . is that discretion regarding the placement of an inmate within the penal system is completely within the purview of the BOP.") (citing Goldings, 383 F.3d at 33 (Howard, J., concurring)).

Moreover, to the extent Rabinowitz were to assert that this court may review BOP's placement decision under the Administrative Procedures Act ("APA") as a decision of an administrative agency, Congress has exempted BOP's individual inmate assignment decisions from judicial review under the APA.  See 18 U.S.C. § 3625; Black v. Sabol, No. 09-40115-RGS, 2009 WL 3460779, at *2 (D. Mass. Oct. 22, 2009).  Accordingly, the court may not review, under the APA, the BOP's decisions as to how and where to place Petitioner.  See Musquiz v. Grondolsky, No. 09-40086-FDS, 2010 WL 2105939, at *3 (D. Mass. May 21, 2010) ("The statute leaves little room for doubt that Congress has prohibited judicial review of individual inmate placement decisions such as the one at issue here."); Fox v. Lappin, 409 F. Supp. 2d 79, 89 (D. Mass. 2006) ("The Court . . . can only review the Bureau's policies regarding the placement of inmates[,] . . . not the decision itself.").

Nonetheless, while the court lacks jurisdiction to review the BOP's exercise of discretion regarding Rabinowitz's placement, he is able to seek judicial review if the BOP refused to even consider him for placement in home confinement.  See Goldings, 383 F.3d at 23 (noting that

§ 3624(c) "clearly limits the BOP's discretion *not* to consider community confinement or other pre-release alternatives at the end of a prisoner's prison term"); Saint Fort, 329 F.3d at 203. Here, Rabinowitz asserts in his third ground for relief that: "Prison officials refuse to consider Petitioner for early release.  Officials did not respond to Petitioner's request for consideration under the [Second Chance] Act."   Pet. 8.  In response, Respondent asserts that the BOP has in fact exercised the discretion afforded to it by 18 U.S.C. §§ 3621(b) and 3624(c) by considering Rabinowitz for placement in a residential re-entry center or home confinement and denying such placement.  See Mastroberti Decl. Supp. Mot. Dismiss ¶ 11, Ex. C (stating that on or about July 25, 2014, the BOP considered Rabinowitz for residential re-entry center and/or home confinement placement "pursuant to the 'Second Chance Act of 2007'" and declined to recommend Rabinowitz for such placement).   If BOP did consider Rabinowitz for consideration under the Second Chance Act and exercised its discretion in deciding not to place him in home confinement, Rabinowitz's claim will fail.  That factual determination, however, is not properly made on a motion to dismiss.

As to the second basis for the petition—that Petitioner is "entitled to 54 days of Good Time for a total of 216 days"— Respondent has raised no argument that the court lacks subject matter jurisdiction over this claim.

Accordingly, the motion to dismiss for lack of subject matter jurisdiction is ALLOWED as to the first ground for relief.  Respondent shall respond to the second and third grounds for relief no later than March 25, 2016.

    IT IS SO ORDERED.

Date:  March 4, 2016                                                     /s/ Indira Talwani
                                                                      United States District Judge